PAUL L. REIN, Esq., (SBN 43053)
JULIE MCLEAN, Esq., (SBN 215202)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: 510/832-5001
Facsimile: 510/832-4787

Attorneys for Plaintiff
STEVE WHITE

ORIGINAL FILED

JUN - 7 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ADR

C06-03615 MJJ

STEVE WHITE,

    Plaintiff,

v.

JOSEPH CALA, LLOYD JEWELL, JOSE LUIS MATTA, and RISTORANTE FORLI, LLC dba FORLI RISTORANTE AND BAR; JOHN and ROSE LINEWEAVER TRUST; and DOES 1-25, Inclusive,

    Defendants.

CASE NO.
Civil Rights

**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, AND PER CALIFORNIA STATUTES (INCLUDING (CIVIL CODE §§ 51, 52, 54, 54.1, 54.3, AND §55; and HEALTH & SAFETY CODE §§19955, *et seq.*); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990**

**DEMAND FOR JURY TRIAL**

Plaintiff STEVE WHITE complains of Defendants JOSEPH CALA, LLOYD JEWELL, JOSE LUIS MATTA, and RISTORANTE FORLI, LLC dba FORLI RISTORANTE AND BAR; JOHN and ROSE LINEWEAVER TRUST; and DOES 1-25, Inclusive, and each of them, and alleges as follows:

1.    **INTRODUCTION:**    This case involves the denial of accessible restaurant facilities, including denial of accessible parking, entrance, seating, and restroom facilities, to plaintiff Steve White and other disabled persons at the Forli

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -1-     S:\SLR\FORLI'S\PLEADINGS\FORLI'S.CMP.wpd

Restaurant and Bar, located at 2160 Danville Blvd., Alamo, California. Plaintiff Steve White is a "person with a disability" or "physically handicapped person." Plaintiff requires the use of a wheelchair for locomotion and is unable to use portions of public facilities which are not accessible to disabled persons who require the use of a wheelchair. On or about April 18, 2006 plaintiff was denied his rights to full and equal access at these facilities, and was denied his civil rights under both California law and federal law, as hereinbelow described, because these facilities were not, and are not now, properly accessible to physically disabled persons who use wheelchairs. Plaintiff seeks injunctive relief to require defendants to make these facilities accessible to disabled persons and to ensure that any disabled person who attempts to use the facilities will be provided accessible parking, accessible entry, accessible paths of travel, and accessible and usable sanitary facilities. Plaintiff also seeks recovery of damages for his discriminatory experience, and denial of access and of his civil rights, which denial is continuing as a result of defendants' failure and refusal to provide disabled accessible facilities. Plaintiff also seeks recovery of reasonable attorney fees, litigation expenses and costs, according to statute.

2.   **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Government Code §4450, *et. seq.*; Health & Safety Code §19955, *et seq.*, including §19959; Title 24 California Code of Regulations; and California Civil Code §§ 51, 52, 54, 54.1 and 55.

3.   **VENUE:** Venue is proper in this court pursuant to 28 USC 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that plaintiff's causes of action arose in this district.

4.   **INTRADISTRICT:** This case should be assigned to the

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -2-   S:\SLR\FORLI'S\PLEADINGS\FORLI'S.CMP.wpd

1  Oakland/San Francisco intradistrict as the real property which is the subject of this
2  action is located in this intradistrict and plaintiff's causes of action arose in this
3  intradistrict.

4      5.    **PARTIES:** Plaintiff is a "qualified" physically disabled person who
5  cannot walk and who requires use of a wheelchair for locomotion. Plaintiff is a
6  paraplegic, due to a disabling injury, but leads a full and active professional and
7  recreational life and supports his family: he is employed, married, and the father of
8  three children. Defendants are the owners, operators, lessors, and lessees of the
9  business, property, building and/or portions thereof located at 2160 Danville Blvd.,
10 Alamo, California. This restaurant, Forli Ristorante and Bar (hereinafter also
11 "Forli's" or "Restaurant") is a "public accommodation and business establishment"
12 subject to the requirements of California Health & Safety Code §19955 *et seq.* and
13 of California Civil Code §§ 51, 54, *et seq.* Such facilities have, since July 1, 1970,
14 undergone construction and/or "alterations, structural repairs, or additions"
15 subjecting such building to disabled access requirements per Health & Safety Code
16 §§ 19955-19959, *et seq.* Such alterations since July 1, 1982 also subjected the
17 building to requirements of California's Title 24, the State Building Code. Further,
18 irrespective of the alteration history, such premises are subject to the "readily
19 achievable" barrier removal requirements of Title III of the Americans With
20 Disabilities Act of 1990.

21     6.    The true names and capacities of Defendants Does 1 through 25,
22 Inclusive, are unknown to plaintiff who therefore sues said defendants by such
23 fictitious names. Plaintiff is informed and believes that each of the defendants
24 herein designated as a Doe is legally responsible in some manner for the events and
25 happenings herein referred to and caused injury and damages proximately thereby
26 to plaintiff; plaintiff prays leave of Court to amend this Complaint to show such true
27 names and capacities when the same have been ascertained.

28     7.    Defendants JOSEPH CALA, LLOYD JEWELL, JOSE LUIS

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -3-     S:\SLR\FORLI'S\PLEADINGS\FORLI'S.CMP.wpd

MATTA, and RISTORANTE FORLI, LLC dba FORLI RISTORANTE AND BAR; JOHN and ROSE LINEWEAVER TRUST; and DOES 1-25, Inclusive, are and were the owners, operators, lessors and lessees of the subject business, property and/or building at all times relevant to this Complaint. Plaintiff is informed and believes that each of the defendants herein is the agent, employee or representative of each of the other defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other defendants in proximately causing the damages complained of herein.

**FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION: PUBLIC FACILITIES IN A PUBLIC FACILITY**
(California Health & Safety Code §§ 19955, *Et Seq.*, Civil Code §54.1)

8. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 7, above, and incorporates them herein by reference as if separately repled hereafter.

9. Plaintiff Steve White and other similarly situated physically disabled persons who require the use of a wheelchair are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code §§ 19955, *et seq.* Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §§ 19955, *et seq.*

10. Health & Safety Code §§ 19955 and 19955.5 were enacted "To ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code." On information and belief the provisions of both Health and Safety Code §§ 19955 and 19955.5, apply to the restaurant located at 2160 Danville Blvd., Alamo, California. The code relating to

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -4-    S:\SLR\FORLI'S\PLEADINGS\FORLI'S.CMP.wpd

such public accommodations also requires that "When sanitary facilities are made available for the public, clients, or employees ..., they shall be made available for persons with disabilities." Title 24, California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since July 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out. On information and belief, defendants and/or their predecessors in interest carried out alterations, structural repairs, or additions to the building during the period Title 24 has been in effect. On information and belief, alterations, structural repairs, or additions which triggered access requirements also occurred between July 1, 1970 and July 1, 1982, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the incorporated provisions of California Government Code §§ 4450*ff.*

11. **FACTUAL STATEMENT:** On or about March 15, 2006, plaintiff, a qualified disabled person who uses a motorized "scooter" wheelchair for mobility, approached the entrance of the Bay Star Café. He had previously been a customer and was known to the owners and operators. At that time he was met at the door by a woman who he has known for some time previously as "Jean Lee." At such time and place Jean Lee, an operator of the Bay Star Café, told plaintiff Banks, "You can't bring that chair in here. You cannot use the restroom. The customers won't like it if you bring that chair in here." As the result of being ordered not to enter or patronize the Bay Star Café, and of his knowledge that its restroom facilities were not accessible, plaintiff has been deterred from returning to the Bay Star Café, and has stayed away from the Café at all times since that date.

12. On information and belief, the reason that Ms. Lee told plaintiff to stay away was that the Bay Star Café was required by law to provide disabled accessible restroom facilities, but did not have any restroom accessible to or usable

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -5-    S:\SLR\BAYSTAR CAFE\PLEADINGS\BAYSTAR CAFE.CMP.wpd

by physically disabled persons who required use of a wheelchair. On information and belief, defendants, as a subterfuge, and in order to cover up their lack of an accessible public restroom, hung a sign on the door leading to there only public restroom, stating that the restroom was for "Employees Only," but allowed customers and members of the public, upon request, to use the restroom. However, the only restroom inside the Bay Star Café premises was up a flight of stairs and otherwise inaccessible to many disabled persons who had mobility disabilities.

13. On information and belief, this public facility is inaccessible to persons with disabilities in multiple other aspects, including but not limited to the following: lack of proper entrance door hardware and "kickplate;" height of coffee dispenser and condiments; lack of fully accessible tables; all rendering these premises inaccessible to and unuseable by physically disabled persons. All facilities must be brought into compliance with all applicable federal and state code requirements.

14. Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action hereinbelow, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code §54(c), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§ 54.3 and 55.

15. Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action hereinbelow, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code §54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§ 54.3 and 55.

16. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding plaintiff

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -6-   S:\SLR\BAYSTAR CAFE\PLEADINGS\BAYSTAR CAFE.CMP.wpd

1  thus independently justifying an award of damages and injunctive relief pursuant to
2  California law, including but not limited to Civil Code §§ 54.3 and 55.
3      15.   Further, each and every violation of the Americans With Disabilities
4  Act of 1990 (as pled in the Third Cause of Action hereinbelow, the contents of
5  which are repled and incorporated herein, word for word, as if separately repled),
6  also constitutes a separate and distinct violation of California Civil Code §54.1(d),
7  thus independently justifying an award of damages and injunctive relief pursuant to
8  California law, including but not limited to Civil Code §§ 54.3 and 55.
9      16.   **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit
10 the acts and omissions of defendants as complained of herein which are continuing
11 on a day-to-day basis and which have the effect of wrongfully excluding plaintiff
12 and other members of the public who are physically disabled wheelchair users from
13 full and equal access to these public facilities. Such acts and omissions are the
14 cause of humiliation and mental and emotional suffering of plaintiff in that these
15 actions continue to treat plaintiff as an inferior and second class citizen and serve to
16 discriminate against him on the sole basis that he is a person with disabilities and
17 requires the use of a wheelchair for movement in public places. Plaintiff is unable,
18 so long as such acts and omissions of defendants continue, to achieve equal access
19 to and use of these public buildings and facilities, and cannot return to use these
20 facilities until they are made properly accessible to disabled persons. Plaintiff
21 alleges that he intends to return and patronize this restaurant, once legally required
22 access has been provided. The acts of defendants have proximately caused and
23 will continue to cause irreparable injury to plaintiff if not enjoined by this Court.
24     17.   Wherefore plaintiff asks this Court to preliminarily and permanently
25 enjoin any continuing refusal by defendants to grant full and equal access to
26 plaintiff in the respects complained of and to require defendants to comply
27 forthwith with the applicable statutory requirements relating to access for disabled
28 persons. Such injunctive relief is provided by California Health & Safety Code

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -7-     S:\SLR\FORLI'S\PLEADINGS\FORLI'S.CMP.wpd

§19953 and California Civil Code §55, and other law. Plaintiff further requests that the court award attorney fees, litigation expenses, and costs pursuant to Health & Safety Code §19953, Civil Code §§ 54.3 and 55, Code of Civil Procedure §1021.5 and other law, all as hereinafter prayed for.

18. **DAMAGES:** As a result of the denial of equal access to the facility and due to the acts and omissions of defendants and each of them in owning, operating, leasing, constructing, altering, and maintaining the subject facility, plaintiff suffered a violation of his civil rights, including but not limited to rights under Civil Code §§ 54 and 54.1, all to his damages per Civil Code §54.3, including damages for physical injuries and mental and emotional injuries, statutory damages, and statutory treble damages, as hereinafter stated. On information and belief, all defendants knew that the premises were not properly accessible for disabled persons who used wheelchairs, but failed to take any action to remove the barriers to access. Defendants' actions and omissions to act constitute discrimination against plaintiff on the sole basis that he was and is physically disabled and unable, because of the architectural barriers created and/or maintained by the defendants in violation of the subject laws, to use the public facilities on a full and equal basis as other persons.

19. **FEES AND COSTS:** As a result of defendants' acts, omissions, and conduct, plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code §§ 54.3 and 55. Additionally, plaintiff's lawsuit is intended to require that defendants make their facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure §1021.5 and other

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -8-    S:\SLR\FORLI'S\PLEADINGS\FORLI'S.CMP.wpd

1 applicable law.

2 Wherefore plaintiff prays for relief as hereinafter stated:

3

### SECOND CAUSE OF ACTION: VIOLATION OF UNRUH CIVIL RIGHTS ACT CALIFORNIA CIVIL CODE SECTIONS 51 AND 52, ON THE BASIS OF DISABILITY

7   20.   Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 19, above, and incorporates them herein by reference as if separately repled hereafter.

10   21.   At all times herein mentioned, the Unruh Civil Rights Act, California Civil Code §51(b), provided that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Per §51(f),

> A violation of the right of any individual under the Americans With Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

22.   Plaintiff suffered damages as above described as a result of defendants' violation of California Civil Code §§ 51(b) and 51(f) in multiple regards, including but not limited to violations of the ADA, as described in the Third Cause of Action, *infra*, the contents of which cause of action is incorporated herein as if separately repled. California Civil Code §52(a) provides that each such violation entitles plaintiff to "the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto..."

WHEREFORE, plaintiff prays for damages and injunctive relief as

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -9-     S:\SLR\FORLI'S\PLEADINGS\FORLI'S.CMP.wpd

1 hereinafter stated.

2

### THIRD CAUSE OF ACTION:
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### 42 USC §12101*FF*

23. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 22 of this Complaint, and incorporates them herein as if separately repled.

24. Pursuant to law, in 1990 the United States Congress made findings per 42 USC §12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..."

25. Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC §12101(b))

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -10-    S:\SLR\FORLI'S\PLEADINGS\FORLI'S.CMP.wpd

enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of <u>discrimination faced day-to-day</u> by people with disabilities. (Emphasis added)

26. As part of the Americans with Disabilities Act, Public Law 101-336, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181ff). The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, per §301(7)(B), which includes any "restaurant, bar, or other sales or rental establishment serving food or drink."

27. Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

28. Among the specific prohibitions against discrimination were included: <u>§302(b)(2)(A)(ii)</u>: "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

<u>§302(b)(A)(iii)</u>: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...:"

<u>§302(b)(2)(A)(iv)</u>: "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

<u>§302(b)(2)(A)(v)</u>: "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative

methods if such methods are readily achievable." The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36*ff*.

29. The removal of each of the barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of the Americans With Disabilities Act. As noted hereinabove, removal of each and every one of the architectural barriers complained of herein were also required under California law. Further, on information and belief, alterations, structural repairs or additions since January 26, 1992 have also independently triggered requirements for removal of barriers to access for disabled persons per §303 of the ADA.

30. On information and belief, as of the date of plaintiff's encounter at the premises and as of the filing of this Complaint, the premises have denied and continue to deny full and equal access to plaintiff and to other disabled persons, including wheelchair users, in other respects, which violated plaintiff's rights to full and equal access and which discriminated against plaintiff on the basis of his disability, thus wrongfully denying to plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §302 of the ADA, 42 USC §12182.

31. Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title and has reasonable grounds for believing that he is about to be subjected to discrimination in violation of §302 and §303. On information and belief, defendants have continued to violate the law and deny the rights of plaintiff and other disabled persons access to this public accommodation since on or before defendant's encounters as previously

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -12-    S:\SLR\FORLI'S\PLEADINGS\FORLI'S.CMP.wpd

discussed. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) and §303(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

32. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of §308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may attempt to use the property and premises.

Wherefore plaintiff prays for relief as hereinafter stated:

## **PRAYER**

Plaintiff prays that this Court:

1. Issue a preliminary and permanent injunction directing defendants as current owners, operators, lessors, and/or lessees of the property and premises to modify the above described property and premises and related facilities so that each provides full and equal access to all persons, including persons with physical disabilities who use a wheelchair; and issue a preliminary and permanent injunction directing defendants to provide facilities usable by plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law;

2. Retain jurisdiction over the defendants until such time as the Court is satisfied that defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and can not recur;

3. Award to plaintiff all appropriate damages, including but not limited to

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -13-    S:\SLR\FORLI'S\PLEADINGS\FORLI'S.CMP.wpd

1 statutory damages, general damages and treble damages in an amount within the
2 jurisdiction of the Court, all according to proof;
3    4.   Award to plaintiff all reasonable statutory attorney fees, litigation
4 expenses, and costs of this proceeding as provided by law;
5    5.   Grant such other and further relief as this Court may deem just and
6 proper.

8 Dated: June 2, 2006

PAUL L. REIN
JULIE MCLEAN
LAW OFFICES OF PAUL L. REIN

*[signature]*

Attorneys for Plaintiff
STEVE WHITE

## DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: June 2, 2006

PAUL L. REIN
JULIE MCLEAN
LAW OFFICES OF PAUL L. REIN

*[signature]*

Attorneys for Plaintiff
STEVE WHITE

//
//
//
//

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -14-    S:\SLR\FORLI'S\PLEADINGS\FORLI'S.CMP.wpd

## CERTIFICATION OF INTERESTED ENTITIES OR PARTIES

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: June 2, 2006

PAUL L. REIN
JULIE MCLEAN
LAW OFFICES OF PAUL L. REIN

_____
Attorneys for Plaintiff
STEVE WHITE