PAUL L. REIN, Esq. (SBN 43053)
JULIE MCLEAN, Esq. (SBN 215202)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
Tel: (510) 832-5001
Fax: (510) 832-4787

Attorney for Plaintiff:
STEVE WHITE

JAMES B. WICKERSHAM, Esq. (SBN 58627)
LAW OFFICES OF JAMES B. WICKERSHAM
3200A Danville Blvd., Suite 202
P.O. Box 1058
Alamo, CA 94507
Tel: (925) 831-1325

Attorney for Defendant:
JOSEPH CALA, LLOYD JEWELL,
JOSE LUIS MATTA, AND RISTORANTE
FORLI, LLC dba FORLI RISTORANTE AND BAR

BRUCE NAPELL, Esq. (SBN 115116)
BRYAN W. DILLON, Esq. (SBN 203052)
SINGLER, NAPELL, & DILLON LLP
127 So. Main St.
Sebastopol, CA 95472
Tel: (707) 823-8719

Attorney for Defendant:
JOHN LINEWEAVER AS TRUSTEE
FOR JOHN AND ROSE LINEWEAVER TRUST

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WHITE,<br><br>    Plaintiff,<br><br>v.<br><br>JOSEPH CALA, LLOYD JEWELL, JOSE LUIS MATTA, AND RISTORANTE FORLI, LLC dba FORLI RISTORANTE AND BAR; JOHN AND ROSE LINEWEAVER TRUST; and DOES 1-25, Inclusive,<br><br>    Defendants.<br>_____/ | CASE NO. C06-3615 MJJ/ADR<br><u>Civil Rights</u><br><br>**CONSENT DECREE AND [PROPOSED] ORDER** |

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:
Case No. C06-3615 MJJ/ADR — 1 —

## CONSENT DECREE AND ORDER

1. Plaintiff STEVE WHITE filed a First Amended Complaint in this action on June 28, 2006, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California civil rights laws against Defendants, JOSEPH CALA, LLOYD JEWELL, JOSE LUIS MATTA, AND RISTORANTE FORLI, LLC dba FORLI RISTORANTE AND BAR; JOHN AND ROSE LINEWEAVER TRUST; and DOES 1-25, Inclusive. Defendants JOSE LUIS MATTA and LLOYD JEWELL are concurrently being dismissed from this action. Plaintiff has alleged that Defendants JOSEPH CALA AND RISTORANTE FORLI, LLC dba FORLI RISTORANTE AND BAR; and JOHN AND ROSE LINEWEAVER TRUST ("Defendants"), violated Title III of the ADA and sections 51, 52, 54.1, and 55 of the California Civil Code, and sections 19955 et seq., of the California Health and Safety Code by failing to provide full and equal access to their facilities at the Ristorante Forli located at 3160 Danville Road, Alamo, California, when plaintiff visited the subject facility on April 18, 2006.

2. Defendants deny the allegations in the Complaint and by entering into this Consent Decree and Order do not admit liability to any of the allegations in Plaintiff's Complaint filed in this action. The parties hereby enter into this Consent Decree and Order for the purpose of resolving this lawsuit (the "Lawsuit") without the need for protracted litigation, and without the admission of any liability.

## JURISDICTION:

3. The parties to this consent decree agree that the Court has jurisdiction of this matter pursuant to 28 USC §1331 for claims under the Americans with Disabilities Act of 1990, 42 USC 12101 et seq. and pursuant to supplemental jurisdiction for claims under California Health & Safety Code §19955 et seq., including §19959; Title 24 California Code of Regulations; and California Civil Code §§51; 52; 54; 54.1; §54.3; and 55.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this consent decree agree to entry of this Order to resolve all claims regarding

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [~~Proposed~~] Order:
Case No. C06-3615 MJJ/ADR  — 2 —

injunctive relief and damages raised in the Complaint filed with this Court. Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning plaintiff's claims for injunctive relief and damages.

WHEREFORE, the parties to this consent decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF**:

5. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief and damages that have arisen out of the subject Complaint. The parties agree that there has been no admission or finding of liability or violation of the ADA and/or California civil rights laws, and this Consent Decree and Order should not be construed as such.

6. The parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and the Americans with Disabilities Act Accessibility Guidelines (ADAAG):

a) Remedial Measures: Defendants agree to remove all barriers to access identified in **Attachment A**, the access report by plaintiff's consultant Barry Atwood. The exterior corrective work will be done in accordance with the drawing attached hereto as **Attachment B**. **Attachments A** and **B** are incorporated herein by reference as if fully set forth in this document.

b) Timing of Injunctive Relief: Defendants will submit plans for all interior corrective work to the appropriate building department within 30 days of entry of this consent decree and order by the court, will commence work within 30 days of receiving approval from the building department, and will complete work within 30 days of commencement. For interior work not requiring building permits, the work will be completed within 30 days of the entry of this consent decree and order by the court. For exterior work, including parking and exterior paths of travel, to the extent required, Defendants will submit plans to the appropriate

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:
Case No. C06-3615 MJJ/ADR        — 3 —

building department within 30 days of entry of this consent decree and order by the court. Subject to the existence of weather conditions suitable for performance of the work, Defendants will commence work within 30 days of entry of this consent decree and order by the court (or for work for which a building permit was requested, within 30 days of receipt of approval from the building department), and will complete work within 30 days of commencement. In the event that unforeseen difficulties prevent defendants from completing any of the agreed-upon injunctive relief, defendants or their counsel will notify plaintiff's counsel in writing within 15 days of discovering the delay, and will provide defendants' best estimate of a date for completion. Defendants or their counsel will notify plaintiff's counsel when the corrective work is completed, and in any case will provide a status report no later than 120 days from the entry of this consent decree.

**DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS:**

7. Defendants will pay $10,000 in full satisfaction of plaintiff's claim for damages. This amount shall cover all damages for personal injury, civil rights violations, emotional distress, and any other form of damages. Payment will be made on or before January 19, 2007, by check payable to "Paul L. Rein in Trust for Steve White." The current leaseholder, Gabrielle Devanzante, is entering into this agreement for the purpose of insuring that he maintains the premises in a fully accessible condition as specified in the Consent Decree. However, no claim for damages or attorney fees, litigation expenses, and costs will be made by plaintiff against Mr. Devanzante. Further, all defendant signatories to this Consent Decree agree that in the event of litigation regarding plaintiff's attorney fees, litigation expenses and costs, no claim will be made by defendants that any portion of plaintiff's attorney fees, litigation expenses or costs should be apportioned or attributed as the responsibility of Mr. Devanzante.

8. The parties have not reached an agreement regarding liability for plaintiff's claims for attorney fees, litigation expenses and costs. These issues shall be the subject of further negotiation, litigation, and/or motions to the Court. Any releases in this document do

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:
Case No. C06-3615 MJJ/ADR           — 4 —

not apply to plaintiff's claims for attorney fees, litigation expenses, and costs.

**ENTIRE CONSENT DECREE AND ORDER:**

9. Issues resolved and issues reserved:

   a) This Consent Decree and Order and Attachments A and B to this Consent Decree, which are incorporated herein by reference as if fully set forth in this document, constitutes the entire agreement between Plaintiff and Defendants on the matters of injunctive relief and damages, and no other statement, promise, or agreement, either written or oral, made by the Plaintiff or any agents of the Plaintiff, to Defendants, or by the Defendants or any agents of the Defendants to the Plaintiff, that is not contained in this written Consent Order, shall be enforceable regarding the matters of injunctive relief and damages described herein.

   b) This Consent Decree applies to plaintiff's claims for injunctive relief and damages only and does not resolve either a) plaintiff's claims for attorney's fees, litigation expenses and costs, or b) the allocation of responsibility among the Defendants of responsibility for either the injunctive relief or plaintiff's claims for damages, attorney's fees, litigation expenses and costs, all of which shall be the subject of further negotiation and/or litigation.

**CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

10. This Consent Order shall be binding on Plaintiff STEVE WHITE, Defendants, JOSEPH CALA AND RISTORANTE FORLI, LLC dba FORLI RISTORANTE AND BAR; JOHN LINEWEAVER AS TRUSTEE FOR THE LINEWEAVER TRUST; and any successors in interest. The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Order during the period of the Court's jurisdiction of this consent decree.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:**

11. Each of the parties to this Consent Decree understands and agrees that there is a

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:
Case No. C06-3615 MJJ/ADR          — 5 —

1  risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them
2  will incur, suffer, or experience some further loss or damage with respect to the Lawsuit which
3  are unknown or unanticipated at the time this Consent Decree is signed. Except for all
4  obligations required in this Consent Decree, the parties intend that this Consent Decree apply to
5  all such further loss with respect to the Lawsuit. Therefore, except for all obligations required
6  in this Consent Decree, this Consent Decree shall apply to and cover any and all claims,
7  demands, actions and causes of action by the Plaintiff against Defendants or Defendants against
8  Plaintiff with respect to the Lawsuit, whether the same are known, unknown or hereafter
9  discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are
10 hereby expressly waived. Section 1542 provides as follows:
11     A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
12     CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE
13     TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST
14     HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.
15 This waiver applies to the injunctive relief and damages aspects of this action only and does not
16 include resolution of plaintiff's claims for attorney fees, litigation expenses and costs.
17     12.     Except for all obligations required in this Consent Decree, Plaintiff releases and
18 forever discharges each defendant, and all officers, directors, shareholders, subsidiaries, joint
19 venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance
20 carriers, heirs, predecessors, trustees, co-trustees or representatives of Defendants, and
21 Defendants release and forever discharge Plaintiff, from all claims, demands, actions, and
22 causes of action of whatever kind or nature, presently known or unknown, arising out of or in
23 any way connected with the Lawsuit or the subject matter thereof.
24
25 **TERM OF THE CONSENT ORDER**:
26     13.     This Consent Order shall be in full force and effect for a period of twelve (12)
27 months after the date of entry of this Consent Order, or until the injunctive relief contemplated
28 by this Order is completed, whichever occurs later. The Court shall retain jurisdiction of this

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:
Case No. C06-3615 MJJ/ADR           — 6 —

action to enforce provisions of this Order for twelve (12) months after the date of this Consent Decree, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

**SEVERABILITY**:

14. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES**:

15. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: January 14, 2007

_____
Plaintiff STEVE WHITE

Dated: January __, 2007

_____
Defendant JOSEPH CALA AND RISTORANTE FORLI, LLC dba FORLI RISTORANTE AND BAR

Dated: January 11, 2007

_____
Defendant JOHN LINEWEAVER AS TRUSTEE FOR THE LINEWEAVER TRUST

Dated: January __, 2007

_____
GABRIELLE DEVANZANTE [No claim for damages or attorney fees, litigation expenses, or costs is made against Mr. Devanzante]

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:
Case No. C06-3615 MJJ/ADR          — 7 —

action to enforce provisions of this Order for twelve (12) months after the date of this Consent Decree, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

**SEVERABILITY:**

14. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

15. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: January __, 2007

Plaintiff STEVE WHITE

Dated: January 14, 2007

1-14-07

Defendant JOSEPH CALA AND RISTORANTE FORLI, LLC dba FORLI RISTORANTE AND BAR

Dated: January __, 2007

Defendant JOHN LINEWEAVER AS TRUSTEE FOR THE LINEWEAVER TRUST

Dated: January __, 2007

GABRIELLE DEVANZANTE [No claim for damages or attorney fees, litigation expenses, or costs is made against Mr. Devanzante]

LAW OFFICES OF
PAUL L. REIN

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

1  action to enforce provisions of this Order for twelve (12) months after the date of this Consent
2  Decree, or until the injunctive relief contemplated by this Order is completed, whichever occurs
3  later.

**SEVERABILITY:**

14. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

15. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: January __, 2007

_____
Plaintiff STEVE WHITE

Dated: January __, 2007

_____
Defendant JOSEPH CALA AND RISTORANTE FORLI, LLC dba FORLI RISTORANTE AND BAR

Dated: January __, 2007

_____
Defendant JOHN LINEWEAVER AS TRUSTEE FOR THE LINEWEAVER TRUST

Dated: January __, 2007

_____
GABRIELLE DEVANZANTE [No claim for damages or attorney fees, litigation expenses, or costs is made against Mr. Devanzante]

Consent Decree and [Proposed] Order:
Case No. C06-3615 MJJ/ADR                       - 7 -

APPROVED AS TO FORM:

Dated: January __, 2007

PAUL L. REIN
JULIE MCLEAN
LAW OFFICES OF PAUL L. REIN

_____
Attorneys for Plaintiff
STEVE WHITE

Dated: January 17, 2007

JAMES WICKERSHAM
LAW OFFICES OF JAMES B. WICKERSHAM

_____
Attorneys for Defendants
JOSEPH CALA, LLOYD JEWELL, JOSE LUIS MATTA, AND RISTORANTE FORLI, LLC dba FORLI RISTORANTE AND BAR

Dated: January 15, 2007

BRUCE NAPELL
SINGLER, NAPELL, & DILLON LLP

_____
Attorneys for Defendant
JOHN LINEWEAVER, AS TRUSTEE OF THE JOHN AND ROSE LINEWEAVER TRUST

**ORDER**

Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED**.

Dated: _____

_____
HON. MARTIN J. JENKINS
U.S. DISTRICT JUDGE

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order: Case
No. C06-3615 MJJ/ADR

— 8 —

APPROVED AS TO FORM:

Dated: January 31, 2007

PAUL L. REIN
JULIE MCLEAN
LAW OFFICES OF PAUL L. REIN

*/s/ Julie McLean*

Attorneys for Plaintiff
STEVE WHITE

Dated: January __, 2007

JAMES WICKERSHAM
LAW OFFICES OF JAMES B. WICKERSHAM

_____
Attorneys for Defendants
JOSEPH CALA, LLOYD JEWELL, JOSE LUIS
MATTA, AND RISTORANTE FORLI, LLC dba
FORLI RISTORANTE AND BAR

Dated: January 15, 2007

BRUCE NAPELL
SINGLER, NAPELL, & DILLON LLP

*/s/*

Attorneys for Defendant
JOHN LINEWEAVER, AS TRUSTEE OF THE
JOHN AND ROSE LINEWEAVER TRUST

## ORDER

Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED.**

Dated: 2/6/2007

*/s/ Martin J. Jenkins*

HON. MARTIN J. JENKINS
U.S. DISTRICT JUDGE

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order: Case
No. C06-3615 MJJ/ADR

— 8 —